BOYD, Chief Justice,
concurring in part and dissenting in part.
I concur in the approval of this amendment to article XIX of the Integration Rule Bylaws and to the addition of a provision for board certification in the field of estate planning and probate practice. I dissent, however, to that portion of section 2(b) of the standards which partly defines “substantial involvement” as requiring a lawyer to devote “more than fifty percent of his practice to estate planning and probate matters during each of the two years im: mediately preceding application.” I believe that a lawyer should be able to demonstrate substantial involvement by showing no more than thirty percent of his practice devoted to the specialty. My view on this would also apply to recertification requirements under section 3(a) of the standards.
I believe that it is still possible for a lawyer to be a general practitioner and also achieve specialized expertise in several fields of the law. The fifty percent practice allocation requirement is too burdensome on the lawyer seeking board-certified specialization in more than one field. I note that the standards for board certification in other fields require lower percentages of practice time in the specialty fields. See Fla.Bar Integr.Rule Bylaws, art. XIX, append. I (civil trial lawyer, thirty percent), append. II (tax lawyer, forty percent), append. Ill (marital and family, thirty percent). Thirty percent should be about right for estates and probate certification.
ADKINS, J., concurs.